JOHN FRESTON, JR., Appellant, *v.* THE LAWRENCE CEMENT COMPANY, Respondent.

WRITTEN CONTRACT — EXPRESSION OF OBLIGATION INCOMPATIBLE WITH IMPLICATION OF ADDITIONAL OBLIGATION. On the trial of an action for payment under a written contract, by which the plaintiff agreed to quarry, burn and deliver cement during the season, and the defendant agreed to pay therefor monthly at a stated rate per barrel and to "unload off of boats what coal may be used in burning the cement," it appeared, by statements and pay rolls accepted and signed by the plaintiff, that he had received payment for all the cement delivered, at the agreed rate less stated deductions of the price of the coal received by him from the defendant. The plaintiff claimed that the coal should have been furnished him without charge, and that he was entitled to recover the amount of the deductions therefor. A nonsuit was granted. *Held*, that the contract was plain and unambiguous; that, read in the light of the attitude of the parties, of the object to be effected and of the natural meaning of the language employed, the expression of the obligation of the defendant to "unload" the coal excluded the implication of an obligation to contribute it to the plaintiff; and, hence, that the nonsuit was proper.

*Freston* v. *Lawrence Cement Co.*, 78 Hun, 96, affirmed.

(Argued February 4, 1898; decided March 1, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the third judicial department, entered May 15, 1894, affirming a judgment in favor of defendant entered upon an order granting a nonsuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Lounsbery* for appellant. The receipts are not in the nature of an estoppel or contract and are open to explanation. (*Ryan* v. *Ward*, 48 N. Y. 207; *Buswell* v. *Poineer*, 37 N. Y. 312.) The contract was drawn by the defendant and presented to the plaintiff for signature. It was in the words chosen by the defendant to express the meaning and should be construed in case of ambiguous meaning against the party drawing it. (*Myer* v. *Isaacs*, 6 M. & W. 612; 2 Pars. on Cont. [2d ed.] 507.)

*V. B. Van Wagonen* for respondent. There was no disputed question of fact in the case. The case turns upon the construction to be given the contract under which the cement was furnished by plaintiff to defendant. (*Lowber* v. *Le Roy*, 2 Sandf. 202; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 352; 2 Pars. on Cont. 492; *Glacius* v. *Black*, 67 N. Y. 563; *A. F. Ins. Co.* v. *Austin*, 69 N. Y. 477; *Brady* v. *Cassidy*, 104 N. Y. 155.) Plaintiff construed the contract by his own acts, the same as it was construed by the trial court. The vouchers made by him contained all the elements of an account stated, and became such under the circumstances attending the execution of the same. (*Hobbs* v. *City of Yonkers*, 102 N. Y. 18.) There was a consideration for the receipts which is not open for examination, and is conclusive. An account stated can only be opened where the party objecting shows clearly that he has been misled by fraud, mistake or manifest error. (*Harley* v. *E. W. Bank*, 76 N. Y. 618; *Drew* v. *Mayor, etc.*, 8 Hun, 443; *Fleetwood* v. *City of New York*, 2 Sandf. 475; *Clarke* v. *Dutcher*, 9 Cow. 674.) The allowances for coal were in the nature of payments and pleaded under the defense of payment and proved. If the answer alleges payment it is competent, under the pleading, to prove that payment had been in fact made in cash, or in some other way. (*F. & C. Bank* v. *Sherman*, 33 N. Y. 79.)

Gray, J. The plaintiff has sued the defendant for the price of a number of barrels of cement, made and delivered under a contract in writing, and the defendant has pleaded a full payment. By the contract, the plaintiff agreed during the season of 1890, "to quarry, burn and deliver in storehouse, etc., cement of good quality;" for which the defendant agreed to pay him at the rate of twenty-nine cents a barrel, on the 15th day of each month, while the contract was in force. The only other obligation assumed by the defendant, in this contract, was "for use only to furnish tools and one stone drill and * * * to unload off of boats what coal may be used in burning the cement." Plaintiff commenced the work in

March, 1890, and between that time and December 20th, there were eleven payments made to him, upon statements; which stated, either in separate form, or upon the pay rolls, the number of barrels delivered and the amount computed to be due at 29 cents each, less the price of the number of tons of coal had by the plaintiff. Each of these statements was signed by the plaintiff. Upon two occasions, in June and December, for errors which had occurred, in charges, or in computations, with respect to the coal furnished to the plaintiff, there were separate payments of money to him, upon statements, also, signed by him and solely relating to the coal. The proof established that the defendant had discharged all of its obligations to the plaintiff; unless, as the latter claims, it is yet indebted in an amount represented by the aggregate of the sums deducted for the price of the coal furnished, as above mentioned. The complaint was dismissed at the trial, at the close of the plaintiff's case, and he insists that it was error to refuse to allow him to go to the jury " upon such questions of fact as are presented by the evidence and such as would aid in the interpretation of the contract."

It is difficult to understand what were those questions. The only evidence was given by the plaintiff, in his testimony, and that related to the monthly payments, therein made, and how he receipted for them and how his work was done. There was no pretense of an attempt to raise any question, except as to the effect of the payments made. So far as the contract was concerned, its construction was for the court. It was not ambiguous as to the obligations of the contracting parties. They were specified and left nothing to inference. If the plaintiff was "to quarry, burn and deliver" the cement, he bound himself to do all the work and to furnish all instrumentalities for its accomplishment; except so far as the defendant may be seen to have agreed to contribute thereto. In that respect, it only agreed "for use only to furnish tools and one stone drill " and " to unload off of boats what coal may be used in burning the cement." There is no involved, nor artificial, language used in this writing; which might

embarrass its meaning and require a resort to extrinsic evidence to resolve the doubt, or to supplement an incompleteness of agreement. It is to be read in the light of the attitude of the parties, of the object to be effected and of the natural meaning of the language employed. So read, the plaintiff, having agreed to make and deliver the cement, was bound to find the fuel required and he was only relieved in that respect by the defendant's agreement to do the work of unloading what coal he might use. It is obvious enough that facilities for unloading from boats might be ready to the defendant, as a part of its plant, when the plaintiff might be without them.

The rule of exclusion of that which is not expressed finds its place here. The defendant, by agreeing to do certain things, beyond making the stipulated payments, impliedly refused to do more. The expression of an obligation to unload the coal off of the boats is incompatible with an implication of an obligation to contribute the coal itself to the plaintiff. If the latter was intended by the defendant, it would have been natural to say so. An agreement to supply the coal needed would have carried with it the obligation of delivery. If the defendant has fulfilled the measure of its obligations, as expressed, it can stand there ; for that which belongs, or is incidental, to the agreement of the other party, cannot be implied as due from it. No usage, nor custom, is shown to affect the contract with a different meaning as to the agreements of the parties and it was entitled to receive from the trial judge, upon the evidence, the construction that it had been reciprocally performed.

The evidence but confirms the contention of the defendant, that it had discharged all of its obligations. Each of the monthly payments of the account between the plaintiff and the defendant was made up, as to the balance due the former, by crediting to the latter the price of the coal purchased and the former's receipt for the balance, thus appearing due, attested his acceptance of the correctness of the statement. There is no complaint of fraud, deceit, or mistake, or of

errors in prices, and the plaintiff's testimony of his having protested, or objected, in no wise, raised an issue upon a question of fact.  If we could overlook the fact that the contract did not obligate the defendant to furnish the coal, we could not consider that a verbal protest to a disbursing officer had any legal significance, when the plaintiff accepted the payments, in the ordinary course of business and upon full statements of the account between him and the company.

There was no error in the dismissal of the complaint and the judgment should be affirmed, with costs.

All concur, except Parker, Ch. J., not sitting.

Judgment affirmed.